**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KEVIN LAINEZ-DIAZ,** | ) | |
| **A#200-069-449,** | ) | |
|            **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:19-CV-1682-K-BH** |
| | ) | |
| **JIMMY JOHNSON,** | ) | |
| **Facility Administrator,** | ) | |
| **Prairieland Detention Center,** | ) | **Referred to U.S. Magistrate Judge[1]** |
|            **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the respondent's *Motion to Dismiss as Moot*, filed September 18, 2019 (doc. 9).  Based on the relevant findings and applicable law, the motion should be **GRANTED**, and the petition for writ of habeas corpus under 28 U.S.C. § 2241, should be **DISMISSED** as moot.

## I.  BACKGROUND

Kevin Lainez-Diaz (Petitioner) is an alien under final order of removal who was detained in the Prairieland Detention Center in Alvarado, Texas, when his petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2241 was received on July 15, 2019.  (*See* doc. 3.)  He claimed that his order of removal became final on November 12, 2018, and the removal period ended on that date, but he had yet to receive any travel documents from the Colombian Embassy. (*Id.* at 3.)[2]  Petitioner requested (1) a declaration that his continued detention was a violation of the Fifth Amendment, (2) release under an order of supervision, (3) a declaration that his

---

[1]  By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions and recommendation.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

continued detention without a hearing is a violation of his Fifth Amendment rights, and (4) a hearing before an immigration judge.  (*Id.* at 10.)

On September 18, 2019, the government moved to dismiss[3] the petition as moot because Petitioner had been released on supervision on August 21, 2019, and it attached copies of the release notification and order of supervision showing that he was released on that date.  (*See* docs. 9, 9-1.)  The copy of the order setting a deadline for Petitioner to respond to the motion has been returned as undeliverable because he is no longer in ICE custody.  (*See* docs. 10, 11.)

## II. JURISDICTION

The respondent moves to dismiss the § 2241 petition under Rule 12(b)(1) for lack of subject matter jurisdiction.  (doc. 9 at 1.)

### A.    **Legal Standard**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)  The district court may dismiss for lack of subject matter jurisdiction based on the petition alone, the petition supplemented by undisputed facts in the record; or the petition supplemented by undisputed facts plus the court's resolution of disputed facts.  *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th

---

[3]  The July 26, 2019 order to show cause provided that the Government's answer or response should be captioned appropriately, not as a motion to dismiss.  (*See* doc. 7.)

Cir. 1981).  The respondent has tendered copies of documents in support of its argument that this case is moot, and Petitioner has not responded or otherwise disputed its evidence.

**B.**    **Mootness**

The respondent next argues that the § 2241 petition is moot because Petitioner has been released on supervision, which is all of the relief that he requested.  (doc. 9 at 1.)

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'"  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Id*. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit.  This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

Here, Petitioner claimed that his continued detention was unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he had been detained for almost seven months since the issuance of his final order of removal, the Colombian government had refused to issue travel documents, which suggested there was no significant likelihood that his removal would occur in the reasonably near future, and his indefinite detention was not justified and violated substantive due process.  In  *Zadvydas*, the Supreme Court held that detention of alien subject to a final order

of removal is limited to a period reasonably necessary to bring about his removal from the

United States, which is presumably six months, and that he must thereafter be released if "there

is no significant likelihood of removal in the reasonably foreseeable future."  533 U.S. at 701.

      It is undisputed that Petitioner has now been released on supervision, which is essentially

the relief he requested.  (*See* doc. 3 at 10.)  Although the Fifth Circuit Court of Appeals has not

specifically considered whether a *Zadvydas* challenge to continued detention by an alien under a

final order of removal is mooted by the alien's subsequent release on supervision, other circuits

have so found.  *See Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (holding that

petitioner's release from detention under an order of supervision mooted his challenge to the

legality of his extended detention); *Nunes v. Decker*, 480 F. App'x 173, 174–75 (3rd Cir. 2012)

(finding appeal moot where the petitioner's release during its pendency provided him the result

he sought in his habeas petition and "forestalled any occasion for meaningful relief"); *Alvarez v.

Conley*, 145 F. App'x 428, 429 (4th Cir. 2005) (concluding that the petitioner's release rendered

moot his appeal since his § 2241 petition only sought release from detention under *Zadvydas*).

Districts courts in this circuit have likewise found that release moots a § 2241 petition

challenging continued detention pending removal.  *See Anh Nguyen v. Sessions*, No. 4:18-CV-

2423, 2019 WL 2539891, at *1 (S.D. Tex. June 19, 2019) (finding that petitioner's release from

custody left nothing for the court to remedy where he only challenged his continued detention);

*Hechavarria v. Salinas*, No. 1:18-CV-00012, 2018 WL 1938040, at *2 (S.D. Tex. Mar. 13,

2018) (finding moot § 2241 petition challenging continued detention pending removal where

petitioner had been released on supervision and had not identified any adverse collateral

consequences that continued to restrict his liberty), *rec. adopted* 2018 WL 2013081 (S.D. Tex.

4

Apr. 30, 2018); *Singh v. Mukasey*, No. 3:08-CV-2162-O, 2009 WL 1097255, at *1 (N.D. Tex.

Apr. 22, 2009) (finding moot § 2241 petition where only relief sought was release pending

removal, and the petitioner had been released on supervision); *Caquias v. Dist. Dir. of*

*Immigration and Customs Enforcement*, No. 3:08-CV-1808-D, 2008 WL 5378173, at *1 (N.D.

Tex. Dec. 23, 2008) (same); *Arulov v. Bureau of Immigration and Customs Enforcement*, No. B-

07-227, 2008 WL 11388552, at *2 (S.D. Tex. May 27, 2008) (finding moot § 2241 petition

raising *Zadvydas* challenge to detention pending removal where petitioner had been released on

supervision), *rec. adopted* by 2008 WL 11388558 (S.D. Tex. June 18, 2008).

 Petitioner did not respond to or dispute the respondent's evidence showing that he has

been released on conditions of supervision and is no longer detained pending his removal.  His

petition does not identify any adverse collateral consequences that continue to restrict his liberty.

He has not challenged his conditions of release.  It appears that he has now received all of the

relief that he sought, so his § 2241 petition is moot and should be dismissed.

### III.  RECOMMENDATION

 The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DISMISSED** as

moot.

 **SIGNED this 3rd day of October, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6